[No. 16181. Department One. March 17, 1921.]

W. E. BOEING, *Respondent,* v. GOTTSTEIN FURNITURE COMPANY, *Appellant.*[1]

APPEAL (415)—REVIEW—FINDINGS. The findings of the trial court, in an action for damages, that the collision between an automobile and motor truck was due to the negligence of the driver of the latter, made on conflicting evidence, will not be disturbed on appeal where the evidence as a whole preponderates in support of the findings.

MACKINTOSH, J., dissents.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered February 6, 1920, upon findings in favor of plaintiff, after a trial before the court without a jury, in an action in tort. Affirmed.

*Gill, Hoyt & Frye* and *Ogden & Clarke,* for appellant.

*Donworth, Todd & Higgins,* for respondent.

PARKER, C. J. — The plaintiff, Boeing, seeks recovery of damages which he claims to have suffered on account of injuries to his person and to his limou-

[1]Reported in 196 Pac. 575.

sine automobile, as the result of the negligence of a servant of the defendant furniture company in the driving of one of its furniture truck automobiles so as to come into collision with the plaintiff's automobile, upon Westlake avenue, in the city of Seattle. A trial upon the merits in the superior court for King county, sitting without a jury, resulted in findings and judgment awarding recovery to the plaintiff, from which the defendant has appealed to this court.

For present purposes, we may regard Westlake avenue as running north and south. The paved portion of the roadway of the avenue, along which all of the vehicle traffic proceeds, is twenty feet wide. On the west side of the avenue opposite the place of the collision is a gasoline station. At the time in question, the pavement was wet and somewhat slippery. Appellant's driver was proceeding north on the east side of the roadway, driving its furniture truck, approaching the gasoline station with the intention of turning to the left into the station. At the same time, respondent's driver was proceeding south on the west side of the roadway, driving his automobile, approaching the gasoline station, respondent sitting in the rear seat. The theory of the collision and the blame therefor, as maintained by counsel for respondent, is that appellant's driver, suddenly and without proper warning, turned the truck from the east side of the driveway, crossing in front of respondent's approaching car opposite the south entrance to the gasoline station, inducing respondent's driver, in order to avoid a more serious collision, to suddenly turn to the left, being unable to pass to the west of the truck; and that, notwithstanding respondent's car was moving at a moderate rate of speed, such necessary sudden turn caused it to skid and be struck near the middle of the right

side by the front right corner of the truck, resulting in the injuries to respondent and his automobile for which he seeks recovery.

The theory of the collision and the blame therefor, as maintained by counsel for appellant, is that the truck was not turned other than slightly towards the west, or with any intention on the part of its driver to pass in front of and into the oil station before the passing of respondent's car; that appellant's driver had given due warning of his intention to turn in that direction, but had practically come to a stop; that, at the moment of the collision, there was ample room for respondent's car to pass between appellant's truck and the west curb of the driveway; and that respondent's driver, without cause, apparently became confused and turned to his left—that is, to the east—directly in front of appellant's truck, and came in collision with it when the whole of it was upon the east side of the driveway with ample room to pass upon the west side. The contentions made in behalf of appellant are that its driver was entirely free from negligence and that respondent's driver was guilty of contributory negligence.

There is nothing involved in this controversy for our consideration other than questions of fact. The oral testimony is in sharp conflict touching the proximate cause of the collision. Looking to that testimony alone, we would not feel warranted in disturbing the conclusion reached by the trial court; and when we look to the photographs of the two machines, taken immediately after the collision, showing plainly the manner in which each was injured, we are much inclined to the conclusion of the trial court, placing the blame for the accident upon appellant's driver and exonerating respondent's driver from the charge of

contributory negligence.  We are quite convinced that we cannot say that the evidence as a whole does not preponderate in support of the findings and conclusions of the trial court.  We think the case does not call for further discussion.

The judgment is affirmed.

FULLERTON, BRIDGES, and HOLCOMB, JJ., concur.

MACKINTOSH, J. (dissenting)—The record, as I read it, establishes the negligence of the respondent and I therefore dissent.